THE STATE v. H. S. VARNELL, Appellant.

Division Two, December 20, 1926.

1. **ACCESSORY: After Fact: Necessary Proof.** In order to convict a defendant charged as accessory after the fact it is necessary to prove (a) that a felony has been committed; (b) that the accessory had knowledge that the principal had committed a felony, and (c) that the accessory assisted the principal in escaping or in concealing the crime.

2. ———: ———: **Manufacturing Whiskey: Knowledge.** Where defendant is charged with being accessory after the fact to the commission by Cartwright of the felony of using distilling equipment and utensils in manufacturing moonshine whiskey, a conviction cannot stand if the evidence fails to show that defendant knew that Cartwright had committed said felony, although it is clear that said principal had committed it.

3. ———: ———: **Aiding Felon: Unavailing Attempt.** A defendant cannot be convicted as accessory after the fact unless he aided the principal to escape or to conceal his crime, although he may know that the principal has committed the crime. Where Frank Cartwright committed a felony, and the defendant, as the officers approached, called out, "Look out Frank; they are coming," and Frank stood still and made no effort to escape or to conceal his crime, the conviction of defendant as accessory after the fact cannot stand, although he may have desired to aid, and may have attempted to aid, the principal in making his escape or in concealing his crime.

4. **ATTEMPT TO COMMIT CRIME: Commission.** A criminal purpose is not punishable unless accompanied by the criminal act. A defendant charged with the commission of a crime, cannot be convicted upon proof that he desired and unavailingly attempted to commit it.

---

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 51, p. 83, n. 86; Section 133, p. 138, n. 57; Section 135, p. 138, n. 75; Section 136, p. 138, n. 79; Section 139, p. 139, n. 89. Intoxicating Liquors, 33 C. J., Section 531, p. 777, n. 58.

Appeal from Dunklin Circuit Court.—*Hon. W C. S. Walker,* Judge.

REVERSED AND REMANDED.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

(1) The evidence was sufficient to take the case to the jury. The weight thereof is for their consideration. Where there is substantial evidence of guilt, the appellate court will not disturb the verdict. State v. Yandell, 201 Mo. 662; State v. Long, 257 Mo. 208; State v. Arnett, 210 S. W. 83. (2) It was not necessary to prove guilt of principal in order to convict accessory. Sec. 3689, R. S. 1919.

WHITE, J.—The Prosecuting Attorney of Dunklin County filed in the circuit court of that county an information in four counts,

in the first count charging the appellant and one Frank Cartwright with using distilling equipment and utensils in manufacturng "moonshine," "corn whiskey," and in the second count with the manufacture of "moonshine," "corn whiskey," contrary to Sections 2 and 21 of the Act of 1923. In counts three and four the defendant was charged with being accessory after the fact to the commission of the said offenses by Frank Cartwright.

On a trial, February 4, 1925, the jury returned a verdict finding the defendant guilty on count three of the information, and assessed his punishment at $500 fine; found him guilty on count four, and assessed his punishment at twelve months' imprisonment in the county jail.

Each of said counts three and four charged a felony under Section 3688, Revised Statutes 1919. We do not find in the record any motion by the defendant asking that the State be required to elect on which count it would seek conviction, nor other challenge to the proceeding wherein the defendant was tried and convicted of two felonies at one and the same time.

The appellant has filed no brief here. His motion for new trial assigns a number of alleged errors, the first of which is that there is no substantial evidence to support the verdict.

The evidence shows that T. F. Donaldson, Sheriff of Dunklin County, September 29, 1924, in company with a number of deputies, went to Kirk, in that county, for the purpose of making a raid on Frank Cartwright's distillery. In this connection it may be said that Frank Cartwright afterward pleaded guilty to the unlawful manufacture of corn whiskey. When the sheriff and his deputies got off the train at Kirk the defendant, who was known as "Red Buck," got off at the same time. None of the witnesses saw him after that to recognize him by sight. The officers went east along a drainage ditch to where the Cartwright still was in operation, a short distance from Kirk. When they arrived at the place they found Cartwright operating the still. Two other persons were present, Charles Taber and Bill Witham. As the officers approached, Taber and Witham went away. Taber left in a boat, presumably on the ditch. Witham, as we gather from the evidence, went away on the other side of the ditch. Cartwright made no attempt to escape and was arrested.

The evidence upon which the State relies to sustain the conviction of the defendant is this:

As the sheriff and his party went down the ditch some man on the other side of the ditch went along and called: "Look out Frank! Look out Bill!" According to one witness this man said: "They are coming!" One witness said that he could dimly see the man who did this calling across the ditch, and that he had on a yellow shirt which resembled the shirt worn by "Red Buck" when he was

on the train. Another said that he recognized Red Buck's voice. Others described Varnell's clothing which he wore on the train, and said that the man who did the calling was dressed like that.

The witnesses did not say that Witham and Taber fled at the approach of the officers, but that may be inferred. Cartwright did not move from the place where he stood facing the still when the officers came up.

I. In order to convict one of being accessory after the fact, the State must prove the following: (a) that a felony has been committed; (b) the accessory must have knowledge that **Knowledge** the principal has committed the felony; (c) the ac- **of Felony.** cessory must assist the principal in escaping, or in concealing the crime. [16 C. J. 137.]

There is no doubt that Frank Cartwright had committed the felony complained of, but there is no evidence in the record that the defendant knew it. Even if it be conceded that Varnell was sufficiently identified as the man who went along the ditch calling: "Look out Frank! Look out Bill! They are coming!" from this it must first be inferred that he knew the men proceeding along the ditch were officers, and that they intended to raid a still. It must also be inferred from this knowledge that he knew the still had been operated by Cartwright. The evidence fails to show one essential element in making out a case—that the defendant knew that a felony had been committed. [State v. Miller, 182 Mo. 1. c. 386; State v. Naughton, 221 Mo. 1. c. 441.]

II. Even if Varnell knew Cartwright had committed a felony, there is lacking another essential element. It must be shown that the defendant actually aided the felon to escape or to conceal his crime. It might be inferred from the fact that Witham and Taber fled from the place and that the warning, "Look out Frank! Look out Bill!" aided them in getting away. But Cartwright did not move from his tracks as the officers came up. There is no evidence that Cartwright heard the call, "Look out Frank!" If he did hear it he did not heed it.

The defendant may have desired to aid Cartwright in making his escape, and may have attempted so to aid him. But a criminal purpose is not punishable unless accompanied by the criminal act. [Ex parte Smith, 135 Mo. 1. c. 227.] The defendant is not charged with an attempt to commit a crime but with its commission. Therefore, there was a total failure to prove that element of the offense—that the defendant aided Cartwright to escape. [State v. Christian, 253 Mo. 1. c. 398.]

The judgment is reversed and the cause remanded. All concur.